IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SANDRA ENGLISH, ADMINISTRATRIX )
OF THE ESTATE OF RICHARD DeLYNN )
FIELDS, )
 )
        Plaintiff, )
 )
    v. ) No. 1:09-CV-00866
 )
JAMES MURPHY, et al., )
 )
        Defendants. )

**MEMORANDUM OPINION, ORDER AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before this Court on a Motion to Dismiss by Defendant North Carolina Association of County Commissioners ("NCACC") (Docket Entry 14) and Plaintiff Sandra English's Motion for Leave to Perfect Service (Docket Entry 18). In the former motion, Defendant NCACC seeks dismissal for lack of personal jurisdiction and insufficient service of process. (Docket Entry 14 at 1.) Conversely, in the latter motion, Plaintiff seeks leave to re-serve the Summons and Complaint on Defendant NCACC. (Docket Entry 18 at 2.) For the reasons that follow, Plaintiff's Motion for Leave to Perfect Service (Docket Entry 18) will be granted. As a result, Defendant NCACC's Motion to Dismiss (Docket Entry 14) should be denied.

**I. FACTS**

This action arises out of an altercation involving Plaintiff's brother, Richard DeLynn Fields. (Docket Entry 1, ¶¶ 25, 32-33.) While in custody at the Scotland County Detention Center, Fields

allegedly was attacked by his cell mate. (Id. at ¶¶ 32-33.)  As a result, Fields sustained fatal injuries. (Id. at ¶¶ 33, 38.)

On November 10, 2009, Plaintiff filed her multi-count Complaint alleging that Defendants acted with deliberate indifference to Field's rights, safety, welfare and well-being in violation of the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. (Id. at ¶¶ 55, 63).  The Complaint also asserts state law claims for violations of Article I of the North Carolina Constitution (id. ¶ 85); battery (id. ¶ 47); and negligence (id. ¶¶ 75, 80).  Plaintiff mailed a Summons and Complaint to the "North Carolina Association of County Commissioners," which was delivered on November 16, 2009. (Docket Entry 6.)  Plaintiff filed a Return of Service with a certification that the Summons and Complaint were mailed and received, along with a copy of the return of service. (Docket Entry 6.)  On January 4, 2010, NCACC filed its Motion to Dismiss. (Docket Entry 14.)  Less than 120 days after filing her Complaint, on January 28, 2010, Plaintiff filed her Motion for Leave to Perfect Service. (Docket Entry 18.)

## II. DISCUSSION

### A. Improper Service

Despite filing a Motion for Leave to Perfect Service, Plaintiff does not concede that her service of process was improper. (Docket Entry 17 at 2.)  The Federal Rules of Civil Procedure directly address the service of process to an unincorporated association such as NCACC.  Fed. R. Civ. P. 4(h).

Under this provision, an unincorporated association may be served:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and - if the agent is one authorized by statute and the statute so requires - by also mailing a copy of each to the defendant; . . . .

Fed. R. Civ. P. 4(h)(1) (emphasis added). Subsection (A) thus permits a plaintiff to serve a party by "following state law for serving a summons." Fed. R. Civ. P. 4(e)(1).

North Carolina law permits a party to serve a summons upon an unincorporated association:

> By mailing a copy of the summons and of the complaint registered or certified mail, return receipt requested, <u>addressed to the officer, director, agent or member of the governing body</u> to be served as specified in paragraphs a and b.

N.C. Gen. Stat. § 1A-4(j)(8)(c) (2009) (emphasis added).[1]  The

---

[1] Paragraphs a and b state:

> a. By delivering a copy of the summons and of the complaint to an officer, director, managing agent or member of the governing body of the unincorporated association, organization or society, or by leaving copies thereof in the office of such officer, director, managing agent or member of the governing body with the person who is apparently in charge of the office.
>
> b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.

(continued...)

Supreme Court of North Carolina has strictly construed the state's service provisions, holding that where a secretary mailed an administrative order by regular mail instead of registered mail, the secretary failed to follow the specific service requirements. In re Harris, 273 N.C. 20, 24 (1968). In rendering its opinion, the North Carolina Supreme Court stated that, "[g]enerally speaking, a person relying on the service of a notice by mail must show a strict compliance with the requirements of the statute." Id. at 24 (internal quotation marks omitted).

Plaintiff argues that, under the circumstances in this case, North Carolina law creates a rebuttable presumption of proper service. (Docket Entry 17 at 3.) North Carolina law provides that a party's submission of an affidavit showing proof of service:

> together with the return receipt . . . signed by the person who received the mail or delivery if not the addressee raises a presumption that the person who received the mail or delivery and signed the receipt was an agent of the addressee . . . .

N.C. Gen. Stat. § 1A-4(j2)(2) (2009) (emphasis added). Plaintiff cites Granville Med. Ctr. v. Tipton, 160 N.C. App. 484 (2003), and Fender v. Deaton, 130 N.C. App. 657 (1998), to support her position. (Docket Entry 17 at 3.) A close reading of these cases demonstrates that such a presumption only arises if the mail was properly addressed to the party to be served.

In the latter case, the North Carolina Court of Appeals reversed the trial court and held that the plaintiffs' affidavit

---

[1](...continued)
N.C. Gen. Stat. § 1A-4(j)(8)(a), (b) (2009).

-4-

and the signed receipt established a presumption that a wife acted as her husband's agent in receiving and signing for certified mail. Fender, 130 N.C. App. at 663. The plaintiffs attempted service of process on the defendant via certified mail, return receipt requested, <u>addressed to the defendant</u> at his law office and the defendant's wife received it. Id. at 658. The Court of Appeals distinguished that situation from a prior case in which "the return receipt <u>was not addressed to the party to be served</u>, was not restricted to the addressee only, or receipted by the party to be served." Id. at 660 (emphasis added and internal quotation marks omitted) (quoting Broughton v. DuMont, 43 N.C. App. 512, 514 (1979)).

In the other case cited by Plaintiff, the Court of Appeals affirmed the trial court's decision that applied a presumption of proper service. Granville Med. Ctr., 160 N.C. App. at 492. In that case, the plaintiff mailed a summons by certified mail, return receipt requested, <u>addressed</u> to the defendant; the summons was delivered and a signature was obtained on the receipt; and the plaintiff executed an affidavit regarding the delivery and the return receipt. Id. at 490. The Court of Appeals rejected the defendant's argument that the record did not show that service was made on a proper person, because "[t]he summons itself was properly directed to defendant." Id. at 492.

In this case, Plaintiff addressed the Summons and the Complaint to "North Carolina Association of County Commissioners," (Docket Entry 6), instead of to an "officer, director, agent or

-5-

member," see N.C. Gen. Stat. § 1A-4(j)(8)(c). Accordingly, Plaintiff did not properly serve Defendant NCACC and no presumption arises in Plaintiff's favor.

    B. Leave to Perfect Service

Plaintiff moves for Leave to Perfect Service to cure any deficiencies by re-serving NCACC with the Summons and Complaint. (Docket Entry 18.) The parties provided little information and no legal authority to assist the Court in resolving said motion. A party normally has 120 days after it files the complaint to serve the defendant. Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id. The Advisory Committee Notes to Rule 4(m) state that "the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and [the rule] authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision <u>even if there is no good cause shown</u>." Fed. R. Civ. P. 4(m), 1993 Advisory Committee Notes at 56 (emphasis added). "Rule 4(m) now gives district courts discretion to grant extensions of time for service of process without a showing of good cause but requires them to grant extensions upon a showing of good cause." DiPaulo v. Potter, 570 F. Supp. 2d 802, 807 (M.D.N.C. 2008) (Schroeder, J.).[2]

---

[2] "Confusion on the application of Rule 4(m) seems to have resulted in some quarters from the Fourth Circuit's 1995 opinion in Mendez v. Elliot, 45 F.3d 75, 80 (4th Cir. 1995) . . . ." DiPaulo v. Potter, 570 F. Supp. 2d 802, 805
(continued...)

Accordingly, contrary to Defendant NCACC's conclusory contention (Docket Entry 22 at 1), Plaintiff is not required to demonstrate good cause to prevail on her instant motion. Plaintiff filed this motion within the 120-day period prescribed in Rule 4(m). (Docket Entry 18.) Plaintiff made more than a half-hearted attempt at serving NCACC; Plaintiff merely neglected to properly address the letter specifying an "officer, director, agent or member," see N.C. Gen. Stat. § 1A-4(j)(8)(c). Defendant NCACC offers no argument that it would suffer prejudice if the Court granted this motion. (See Docket Entry 22.) Furthermore, Defendant NCACC does not make any arguments opposing English's motion other than on the grounds of lack of good cause. (See id.) Under these circumstances, Plaintiff's technical error in failing to include a name of an "officer, director, agent or member," along with the unincorporated association's name does not warrant the drastic response of dismissal. See United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982) ("[T]he clear policy of the Rules is

---

²(...continued)
(M.D.N.C. 2008). In a recent opinion, this Court, per Judge Thomas D. Schroeder, explained that:

> Mendez should not have caused such confusion. As with many things, the devil is in the details. A careful reading of Mendez reveals that it was governed by the prior version of the rule, Rule 4(j), which clearly required a showing of good cause. . . . The Fourth Circuit's holding in Mendez applies to pre-amendment Rule 4(j), therefore, and does not apply to the applicable rule in this case, the amended Rule 4(m).

DiPaulo, 570 F. Supp. 2d at 806 (citations omitted).

-7-

to encourage dispositions of claims on their merits . . . ."). Accordingly, English's Motion for Leave to Perfect will be granted.

### C. Motion to Dismiss

Defendant NCACC moves to dismiss the case against it pursuant to Rules 12(b)(2) and 12(b)(5) for lack of personal jurisdiction and insufficient service of process. (Docket Entry 14.) Defendant NCACC's arguments to support this motion are based entirely on English's technical failure to perfect proper service. (See Docket Entry 15 at 4.) Because the Court will grant Plaintiff's Motion for Leave to Perfect Service, the Court will recommend denial of Defendant NCACC's Motion to Dismiss as moot.

## III. CONCLUSION

Plaintiff failed to properly serve the Summons and Complaint on Defendant NCACC, but promptly moved for leave to make proper service. Defendant NCACC has asserted no prejudice and Plaintiff's failure was technical.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Perfect Service (Docket Entry 18) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff shall perfect service within 20 days of the filing of this Memorandum Opinion, Order and Recommendation.

**IT IS RECOMMENDED** that Defendant NCACC's Motion to Dismiss (Docket Entry 14) be **DENIED** as moot.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

April 5, 2010