# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SANDRA J. ENGLISH, *administratrix of the estate of Richard Delynn Fields*, )<br>)<br>)<br>Plaintiff, )<br>)<br>)<br>)<br>v. )<br>)<br>)<br>JAMES MURPHY, SHEPARD JONES, *in his individual and official capacity as Sheriff of Scotland County, North Carolina*; )<br>DEPUTY NICHOLS, *in his individual and official capacity as Deputy Sheriff for the Scotland County Sheriff's Department*; )<br>LLOYD GOINS, *in his individual and official capacity as Deputy Sheriff for the Scotland County Sheriff's Department*; )<br>JOHN DOE, *in his individual and official capacity as Deputy Sheriff for the Scotland County Sheriff's Department*; and THE NORTH CAROLINA ASSOCIATION OF COUNTY COMMISSIONERS, *as Surety for Sheriff Shepard Jones*, )<br>)<br>Defendants. ) | 1:09CV866 |

**ORDER**

On April 11, 2013, the United States Magistrate Judge's Recommendation [Doc. # 38] was filed as to Defendants Lloyd Goins, Shepard Jones, and James Nichols's Motion to Dismiss Plaintiff Sandra English's complaint for a failure to state a claim under Fed. R. Civ. P. 12(b)(6) [Doc. # 19]. Ms. English filed a timely objection to the Recommendation [Doc. # 40], and the Court has conducted a de

novo review of those matters to which objections were raised.[1]

Upon review of the parties's submissions and the case law, specifically the recent Fourth Circuit case of Makdessi v. Fields, No. 13-7606, 2015 WL 1062724 (4th Cir. March 12, 2015) and Brown v. N.C. Dept. of Corrections, 612 F.3d 720 (4th Cir. 2010), it is determined that Plaintiff's claims should proceed against Defendants Jones, Nichols, Goins, and Doe (the "Jailor Defendants") in their individual capacities as to Plaintiff's allegations regarding the delay in treating Mr. Fields' initial medical problems, the failure to separate Mr. Fields from Mr. Murphy, and the alleged failure to timely treat Mr. Murphy's head wound.

For the reasons stated in the Magistrate Judge's Recommendation, with the exception of those matters discussed in Footnote 2, below, Defendants' motion is GRANTED as to all claims under the Eighth Amendment; GRANTED as to all official capacity claims; GRANTED as to all claims related to the delay in Mr. Fields'

---

[1] Defendants claim that Ms. English's objections are so "general or conclusory" as to preclude de novo review. See Doc. # 41, at 5 (citing Tyler v. Beinor, 81 Fed. Appx. 445, 446 (4th Cir. 2003) (unpublished opinion)). The unpublished opinions cited by Defendants addressed objections which were far more conclusory than those at issue, and generally facially specious. See Objection, Moore v. Hurst, No. 08cv545 (W.D.N.C. Apr. 17, 2009), Doc. # 19; Objection, Jones v. Hamidullah, No. 05cv2736 (D.S.C. Oct. 14, 2005), Doc. # 5; Objection, Tyler v. Beinor, No. 02cv3330 (D.S.C. June 11, 2003), Doc. # 58. These cases offer no support to Defendants' argument. Ms. English's objection is certainly sufficient to direct the court to those portions of the Recommendation to which objections are made. Moreover, Ms. English's objections include several specific objections, including an objection that the Recommendation construed certain facts in favor of the Jailor Defendants. De novo review is therefore appropriate.

transfer to UNC Hospital; and GRANTED as to claims against Mr. Jones based on a failure to supervise or a failure to train.[2] Defendants' motion with respect to the remaining individual capacity claims, as well as the state law claims, is otherwise DENIED.

The Clerk's office is directed to immediately set this matter for a pretrial conference.

This the 31st day of March, 2015.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge

---

[2] The Court agrees with the Recommendation's analysis regarding any individual capacity claim alleged against Sheriff Jones based on a theory of supervisory liability, except to the extent that the analysis relies on the statement that "the absence of any underlying constitutional injury … defeats this theory of liability." Doc. # 38, at 14-15.

Likewise, the Court agrees with the Recommendation's finding that Plaintiff has not alleged sufficient facts to sustain an individual capacity claim against Sheriff Jones based on a failure to train, except to the extent that the analysis relies on the statement that "given the absence of an underlying constitutional injury, Plaintiff cannot proceed on this theory of liability." Id. at 15-16.

Similarly, the Court agrees with the Recommendation's analysis regarding Plaintiff's failure to allege a policy or custom sufficient to establish an official capacity claim under Section 1983. The Recommendation's statement that the "lack of an underlying constitutional injury defeats this claim" is not adopted. Doc. # 38, at 17.

It is noted, however that the Complaint alleges §1983 violations against all of the Jailor Defendants. Sheriff Jones is alleged to have been on duty and in charge of the jail on the dates of Mr. Fields' injuries. Thus, claims of individual liability that are based on the actions of all defendants as alleged are properly pled against Sheriff Jones in his individual capacity as a police officer on duty during the dates of the events alleged in the Complaint.